[Civ. No. 10187.   Second Appellate District, Division One.—February 23, 1935.]

LOUISE G. PARRETT et al., Respondents, v. ARCHIBALD D. CAROTHERS et al., Appellants.

Mathes & Sheppard and Robert A. Cushman for Appellants.

Newlin & Ashburn for Respondents.

CONREY, P. J.—In this action there is now pending an appeal by the defendants Rix from a judgment rendered

against them and the other defendants, in the sum of $5,000, damages resulting from the death of one Homer C. Parrett, caused by the negligent operation by defendant Warren A. Rix of an automobile. Appellants filed in the superior court an undertaking to stay execution on said judgment, pending the appeal. The Central Surety and Insurance Company executed said undertaking as sole surety thereon. The plaintiffs applied to the superior court for an order to strike from the files the said undertaking, because by reason of a stated defect in form it did not comply with the statutory requirements of such an undertaking, and because the surety was liable on a certain policy of insurance issued by it, so that said undertaking did not furnish plaintiffs additional security as required by law. By an order made on December 28, 1934, said motion was granted. On the third day of January, 1935, appellants filed a new undertaking, this time in proper form, but with the same surety. On the next day the plaintiffs applied to the superior court for an order striking from the files the said second undertaking, and for an order directing the issuance of execution on the judgment. That court thereupon notified appellants that on January 7th it would grant said motion and order the issuance of the demanded execution. Appellants then applied to this court by petition for the writ of *supersedeas*. After due notice upon an order to show cause (with incidental temporary stay of execution), the said application was presented, argued by counsel for the respective parties, and is submitted for decision.

The alleged incapacity of the Central Surety and Insurance Company, if there be such incapacity, to act as surety on the stay bond, arises solely from the admitted fact that at the time of the accident in which Homer C. Parrett lost his life, there was in effect a certain "automobile liability" insurance policy, issued by said company to appellant Lenore V. Rix; and that by reason of its interest as such insurer, in the result of the action, the company was active in the defense of the action during the trial thereof. No question is raised, challenging the solvency, or general qualifications of the company to act as surety on undertakings required by law in this state.

We are of the opinion that in this proceeding it is not necessary to decide the question presented by counsel,

relating to the error, or the want of error, in the order of December 28th, or in the proposed order directing the issuance of execution. We are satisfied that appellants have in good faith attempted to comply with the law, in offering said company as its surety on the stay bond as filed. This being so, and it appearing nevertheless that in the absence of a writ of *supersedeas* the superior court will issue execution on the judgment, we deem it appropriate that the application for *supersedeas* should be granted. █ Appellants are not entitled to this writ as a matter of right, "but we may properly, in the exercise of sound discretion, grant . . . the writ upon such terms as will be just and will adequately protect the rights of the respondent". (*Segarini* v. *Bargagliotti*, 193 Cal. 538 [226 Pac. 2]; *Foster* v. *Fernandes*, 200 Cal. 274 [252 Pac. 726].) We may assume (without deciding), that the surety offered on the statutory undertaking filed in the superior court was neither incompetent nor disqualified to be such surety on that undertaking. Yet it does not follow that in the exercise of the discretion *of this court in granting a writ of supersedeas,* we should compel respondents to accept the same surety, whose competency in relation to this case is seriously questioned by them for reasons of such force that they appear to be offered in good faith equal to that of appellants. We may exclude such surety here, without disturbing any vested right either of appellants or of such proposed surety.

It is ordered, that upon the filing by petitioners, with the clerk of this court, within fifteen days from the entry of this order, of a good and sufficient undertaking on appeal in the sum of ten thousand dollars, conditioned as required by law, with sufficient surety or sureties other than said Central Surety and Insurance Company, and which shall have been first approved by the presiding judge of the Superior Court of Los Angeles County, at a hearing upon five days' notice to respondents, a writ shall issue as prayed for herein. It is further ordered that in the meantime, during said period of fifteen days, execution of said judgment of the superior court be stayed.

Houser, J., and York, J., concurred.

A petition for a rehearing on this petition for *supersedeas* was denied by the District Court of Appeal on March 23, 1935, and the following opinion then rendered thereon:

THE COURT.—The petition for rehearing is denied.

Good cause appearing therefor, it is ordered that the time allowed to appellants, within which to file an undertaking on appeal (before issuance of the writ of *supersedeas* as provided by this court's order of February 23, 1935), is hereby extended to and including the twenty-ninth day of April, 1935.